IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| IN RE:<br><br>ROGER STIEF, JR. and<br>AMANDA STIEF,<br>Debtors | : Chapter 13<br>: Case No. 19-16130-PMM<br>: Consent Order Settling<br>: Capital One Auto Finance,<br>: a division of Capital One, N.A.'s<br>: Motion For Relief From The Automatic<br>: Stay Pursuant To 11 U.S.C. § 362 |

AND NOW, this ____ day of _____, 2020, this matter having come before this Court upon application of Capital One Auto Finance, a division of Capital One, N.A. (hereinafter referred to as *"COAF"*), a secured creditor of the above-named Debtors, by its counsel, for relief from the automatic stay pursuant to 11 U.S.C. § 362;

AND it appearing that Debtors, *Roger Steif, Jr. and Amanda Stief*, through Debtors' attorney, *Brenna Hope Mendelsohn, Esquire*, have reached an agreement with regard to said Motion for Relief regarding a 2016 NISSAN Altima Sedan 4D S I4, V.I.N. 1N4AL3AP9GN357625 (the "Vehicle"), as per the terms contained in this Order;

AND, it appearing that Debtors are indebted to *COAF* on a loan which enabled Debtors to refinance said Vehicle, which loan terms are set forth in a Loan and Security Agreement (the "Contract"); and

It appearing that *COAF* is the holder of a secured claim against the Debtors and;

It appearing that the Debtors remain in arrears post-petition in the amount of $306.00 ($0.00 in post-petition arrears, plus $306.00 in attorney's fees and costs) as of September 8, 2020;

It appearing that the Debtors and *COAF* have reached an agreement to cure post-petition arrears and attorney's fees and costs, the Debtors agree to pay *$102.00* monthly **beginning September 23, 2020** for the next three (3) months (with payments due on the twenty-third day of each month) to cure said arrears, while making regular monthly post-petition payments ($324.08 per the Contract) due under the Contract beginning with the September 23, 2020 payment for a total **monthly** payment from September 23, 2020 through November 23, 2020 of *$426.08*, wherefore,

It is hereby **ORDERED** and **DECREED** that if Debtors shall fail to make the regular

monthly payment (or any portion thereof) or fail to make payment toward the curing of the arrears as set forth above and Debtors fail to cure said default within ten (10) days after notice by *COAF* (or its counsel) of said default, counsel for *COAF* may file a Certification of Default with the Court setting forth Debtors' default and *COAF* shall be granted immediate relief from the automatic stay provisions of Section 362 of the Bankruptcy Code (11 U.S.C. § 362), and *COAF* is then also free to proceed with exercising its rights and remedies as may be allowed under State and Federal law. The Debtors shall be allowed to default and cure such default under this Consent Order one (1) time. Should Debtors default a second (2nd) time, notice of the default will be served, but the Debtors will not be granted an opportunity to cure the default and counsel for *COAF* may file a Certification of Default with the Court setting forth Debtors' default and *COAF* shall be granted immediate relief from the automatic stay provisions of Section 362 of the Bankruptcy Code (11 U.S.C. § 362).

It is **FURTHER ORDERED** and **DECREED** that in the event Debtors convert to a bankruptcy under any Chapter other than Chapter 13 of the Bankruptcy Code then Debtors shall pay all pre-petition arrears and post-petition arrears within fifteen (15) days from the date the case is converted from Chapter 13 to any other Chapter. If Debtors fail to make payment in accordance with this paragraph then *COAF*, through Counsel, may file a certification setting forth said failure and *COAF* shall be granted immediate relief from the automatic stay provisions of Section 362 of the Bankruptcy Code (11 U.S.C. § 362) and *COAF* is then also free to proceed with exercising its rights and remedies as may be allowed under State and Federal law.

The failure by *COAF*, at any time, to file a Certification of Default upon default by the Debtors shall not be construed, nor shall such failure act, as a waiver of any of *COAF's* rights hereunder.

This Order is a supplement and in addition to the Contract and not in lieu thereof.

Facsimile signatures shall be accorded the same force and effect as an original signature, and may be submitted to the Court.

It is further Ordered that the fourteen (14) day stay provided by Rule 4001(a)(3) is hereby waived.

BY THE COURT:

_____
Patricia M. Mayer
U.S. BANKRUPTCY JUDGE

**Creditor: Capital One Auto Finance,
a division of Capital One, N.A.**
By Counsel: Mester & Schwartz, P.C.

By: _____
Jason Brett Schwartz, Esquire
Mester & Schwartz, P.C.
1917 Brown Street
Philadelphia, PA 19130
(267) 909-9036

DATED: 9/9/20

Seen and agreed to -- We hereby consent to the form and entry of the foregoing Order.

**Debtors: Roger Stief, Jr. and Amanda Steif**

By Counsel for Debtors: Brenna Hope Mendelsohn, Esquire


By: /s/ Brenna Hope Mendelsohn
Brenna Hope Mendelsohn, Esquire
Mendelsohn & Mendelsohn, PC
637 Walnut Street
Reading, PA 19601
(610) 374-8088

DATED: 09/09/2020

Chapter 13 Trustee:

/s/ Polly A. Langdon
Scott F. Waterman, Trustee
2901 St. Lawrence Ave.
Suite 100
Reading, PA 19606
(610) 779-1313

DATED: 09/09/2020