**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Amanda Stief<br>Roger Stief Jr.<br>　　　　　　Debtors | CHAPTER 13 |
| Nissan Motor Acceptance Corporation<br>　　　　　　Movant<br>　vs. | NO. 19-16130 ELF |
| Amanda Stief<br>Roger Stief Jr.<br>　　　　　　Debtors | 11 U.S.C. Section 362 |
| Scott F. Waterman, Esquire<br>　　　　　　Trustee | |

## **STIPULATION**

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the loan held by the Movant on the Debtor's vehicle is **$1,692.28,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | April 5, 2020 to August 5, 2020 at $336.44/month |
| Late Charges: | $13.44 |
| Suspense Balance: | $3.36 |
| **Total Post-Petition Arrears** | **$1,692.28** |

2. The Debtor shall cure said arrearages in the following manner:

a). Within thirty (30) days of the filing of this Stipulation, Debtors shall make a payment in the amount of $1,692.28 to cure all of the post-petition arrears, with payments in the amount of $336.44 to resume on September 5, 2020.

3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief

from the automatic stay. In the event of a third default pursuant to the terms of this Stipulation, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the loan and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: September 1, 2020                             By: /s/ Rebecca A. Solarz, Esquire
                                                        Attorney for Movant

Date: September 8, 2020                             /s/ Brenna Hope Mendelsohn, Esquire
                                                    Brenna Hope Mendelsohn, Esquire
                                                    Attorney for Debtors

Date: September 9, 2020                             Rolando Ramos-Cardona for
                                                    Scott F. Waterman, Esquire
                                                    Chapter 13 Trustee

Approved by the Court this ____ day of _____, 2020. However, the court retains discretion regarding entry of any further order.

                                                    _____
                                                    Bankruptcy Judge
                                                    Patricia M. Mayer